[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 27, 2005
THOMAS K. KAHN
CLERK

No. 05-12603
Non-Argument Calendar
_____

BIA Nos.
A95-545-033
A95-545-034

JORGE ENRIQUE ZABALA,
JASMINE BORREI GOMEZ
SANTIAGO ZABALA BORREI

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

(December 27, 2005)

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Jorge Enrique Zabala, his wife, Jasmine Borrei Gomez, and their minor son, Santiago Zabala Borrei, are natives and citizens of Colombia, who arrived in the United States as non-immigrant visitors in 1999 and stayed longer than permitted. On May 8, 2002, Zabala filed an application for asylum and withholding of removal with the Immigration and Naturalization Service on behalf of himself, his wife, and their son. In June of 2002, the INS issued each member of the family a Notice to Appear, charging them with removability because they had remained in this country longer than permitted. Zabala admitted the factual allegations in the Notices to Appear, conceded removability, and requested asylum and withholding of removal under both the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT").

In October of 2003, the Immigration Judge issued a decision, finding that Zabala was not eligible for asylum because he had not filed his application on time and because extraordinary circumstances did not exist for the late filing. The IJ also rejected his claims of withholding of removal under the INA and CAT, specifically stating that Zabala's testimony was "not credible" and finding that there were questions regarding the origins of certain documents he filed. The IJ made explicit adverse credibility findings regarding Zabala's testimony about: (1) the extent of his involvement with the organization Seriousness for Colombia and

the Liberal Party; (2) an attack in August of 1999; (3) a letter his parents received from the Revolutionary Armed Forces of Colombia ("FARC"); and (4) threatening phone calls his parents received from FARC.

In April of 2005, the Board of Immigration Appeals adopted and affirmed the IJ's decision to the extent that it denied his claim for asylum based upon the time bar. It also adopted and affirmed the IJ's decision denying withholding of removal under the INA and CAT. The BIA stated that "the respondent has failed to carry [his] burden of proof by providing credible testimony and evidence to establish that it would be more likely than not that they would be persecuted on account of a protected ground . . . or tortured upon return to Colombia." Regarding the documentary evidence submitted with the appeal, the BIA found that it could not consider this evidence because its review was limited to the record before the IJ. Finally, it denied Zabala's motion for remand because the evidence he relied on to justify it was available at the time of the hearing before the IJ.

Zabala seeks review of the BIA's decision on three grounds.[1] First, he contends that he was entitled to apply for asylum more than one year after he

---

[1] Zabala made no arguments concerning CAT relief on appeal. When a party "elaborates no arguments on the merits as to [an] issue in its initial or reply brief . . . the issue is deemed waived." Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

arrived in the United States because there were changed circumstances that materially affected his eligibility. He argues that after he left Colombia, FARC continued to make threatening calls concerning him to his parents in Colombia, eventually requiring them to move and change their phone number.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). If as here, the BIA adopts the IJ's opinion, then that decision is reviewed as well. See id. To the extent that the BIA's decision was based on a legal determination, this Court's review is de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814 F.3d 814, 817 (11th Cir. 2004). The IJ's and BIA's findings of fact are reviewed under the substantial evidence test, and we affirm the decision below if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1261 (11th Cir. 2004). Under this highly deferential standard of review, a denial of relief may be reversed only if the evidence would compel a reasonable factfinder to conclude that the requisite fear of persecution exists. See id.

An alien is not entitled to asylum unless he demonstrates by clear and convincing evidence that the application has been filed within one year after the date of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B); INA §

4

208(a)(2)(B). An untimely asylum application may be considered if the alien can demonstrate extraordinary circumstances relating to the delay in filing an application within the one-year period. See § 1158(a)(2)(D). In Mendoza v. U.S. Att'y Gen., 327 F.3d 1283 (11th Cir. 2003), we stated that "section 1158(a)(3) divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." Id. at 1287. This rule was not altered by the expansion of jurisdiction in the REAL ID Act. See Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). Because Zabala did not file an application for asylum until after he had been in the United States for more than a year and because we do not have jurisdiction to review a decision regarding whether an alien complied with the one-year time limit, we dismiss his petition as it relates to the application for asylum.

Next, Zabala contends that the BIA erred in finding that he was not credible when he provided consistent and substantial evidence to support his application for withholding of removal.[2] He asserts that the IJ failed to support her conclusion with specific factual findings of inconsistencies or embellishments. He alleges

_____

[2] Zabala also contends that the BIA erred in finding that he was not credible as to his application for asylum. However, because we do not have jurisdiction to review his petition as it relates to the asylum application, we need not consider this argument.

5

that the only discrepancy identified by the IJ, the facts surrounding a letter sent from FARC to his parents, was a minor discrepancy.

We review credibility determinations under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Id. The trier of fact must determine credibility, and this Court may not substitute its judgment for that of the IJ with respect to credibility findings. See D-Muhumed, 388 F.3d at 818. Adverse credibility determinations must be made explicitly. See Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). An adverse credibility determination alone may be sufficient to support the denial of an asylum application when there is no other evidence of persecution. Forgue, 401 F.3d at 1287. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. Id.

Because the only non-testimonial evidence Zabala presents concerning his political activities specifically refers only to his participation in one election or electoral debate, and does not indicate any further involvement with Seriousness for Colombia or the Liberal Party, Zabala cannot show that the IJ's adverse

6

credibility determination as to his political activity was not supported by substantial evidence. Although there is potentially some evidence that Zabala's testimony was credible, he has not met his burden of demonstrating that the IJ's decision was not based on substantial evidence or specific, cogent reasons. The IJ gave specific, cogent reasons for some of the credibility determinations, and there are a substantial number of contradictory statements in Zabala's testimony, which Zabala has failed to either rebut or explain. See Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1369 (11th Cir. 2005). Accordingly, we deny the petition as to the adverse credibility determination.

Finally, Zabala contends that because it is more likely than not that he will be persecuted if he returns to Colombia, the BIA erred in denying withholding of removal under the INA. He argues that he would likely be persecuted because he was specifically targeted by FARC in the past and because FARC continues to threaten both him and his parents.

To qualify for withholding of removal under the INA, an alien must show that it is more likely than not that, if returned to his country, he would be persecuted or tortured on account of race, religion, nationality, membership in a particular social group, or political opinion. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). An alien may satisfy this burden of proof

by showing either past persecution or the likelihood of future persecution. 8 C.F.R. § 208.16(b).

Because we do not engage in a <u>de novo</u> review of factual findings by the IJ and because there is reasonable, substantial, and probative evidence supporting the IJ's decision, Zabala did not show that the IJ erred in finding that it was not "more likely than not" that he would be persecuted on a statutorily protected ground if he returned to Colombia. The letter Zabala submitted from Seriousness for Colombia cites only one specific political event in which Zabala participated. Additionally, Zabala failed to present evidence rebutting the IJ's explicit concerns about the credibility of key elements of his testimony. <u>See</u> <u>Nreka</u>, 408 F.3d at 1369. Accordingly, we deny the petition as it relates to withholding of removal under the INA.

DISMISSED IN PART AND DENIED IN PART.